OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to Special Term for a hearing to determine the exact terms under which petitioner was hired.
Petitioner’s separate compensation for preparing transcripts of hearings before the Zoning Board of Appeals would not violate section 9-1 of the Code of the Town of Clarkstown if at the time she was hired it was agreed that she would be paid a yearly salary for her other duties as the secretary to the Board of Appeals plus an hourly sum for hearing transcripts. The official description of petitioner’s job does not establish that such an agreement is barred. While it requires her to attend “all Regular and Special Meetings and Public Hearings,” it requires her to transcribe only “minutes of all meetings,” and she is seeking payment for hearing transcripts.
The question remains one of fact that cannot be determined on the unverified pleadings and other papers. Accordingly, a hearing is required to determine the compensation arrangements that were reached when petitioner was hired.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Supreme Court, Rockland County, for a hearing in accordance with the memorandum herein.